Daniel, 3.
Dissentiente. The testator devised the remainder of his property, consisting of real and personal estate, to the plaintiff, as his executor, and trustee, to pay certain legacies and annuities, (which are but legacies,) and some of these legatees are aliens. There is no direction to the trustee in the will to sell the land and convert it into personal estate, for the aforesaid purposes.
The funds are therefore not mixed, but consist of two species, one of real, and the other of personal estate. The personal estate is, therefore, the primary and natural fund to *436 pay these legacies and annuities, and the real estate'is but charged, and only to be resorted to in aid of the personal estate, when that fund becomes exhausted. Even if the testator had directed his executor to sell or mortgage his real estate for the payment of his debts and legacies, that alone would not be evidence of his intention, that the personal estate should be exempt from its primary liability, and it would amount only to a declaration, that the real estate should be applied to the extent in which the personal estate, which by law is the primary fund, should be deficient for those purposes. Rhodes v Rudge, 1. Simons Rep. 84, 85. Williams on Exec’rs. 1048. if the testator had given the land in trust to pay debts and legacies by the sale of it, or the creating a term of years out of it for that purpose, still the personal estate would have to be first applied. For the land would not be directed by the court to be sold, or the term raised, if the personal estate could discharge the debts and legacies, as the produce of the sale of the land had not been directed by the will to be converted into personal estate for those purposes, Inchiquin v French, 1 Cox. 1 Amb. 33. Hancock v Abbey, 11 Ves. 186. Tower v Rouse, 18 Ves. 32. Legacies to aliens, charged on land, or payable out of land, are void, so far as relates to the charge on, or interest in the land, although the land ‘was directed by the will to be sold and converted into money for the special object of paying debts and legacies. Aliens can no more take an interest in land, which this would be, than the land itself Foudrien v Gowdey, 9 Cond. Chan. Rep. 95. In the aforesaid case, the testator directed by his will all his property to be sold and converted into money, and placed with his personal estate, and after charging this mixed fund, with his debts and legacies, gave the residue to aliens resident abroad; held that the rule which is applicable to charitable bequests, was now applicable in respect to the alien legatees. In England, an alien friend, ora charity, can take a legacy only of pure personal estate. But neither of them can take a legacy arising from the produce of land, or from any interest arising out of land. But if the fund is a mixed fund, *437 arising from a direction in the will to sell the land and mix the produce of the sale of the land with the personal estate to pay the debts and legacies, and some of the legacies are given to a charity or to an alien, then'a particular rule is to be followed, as to the payment of the debts and all those legacies, which are not charitable or alien legacies. It is called the rule of equity in charity cases. '.What is that rule? Shelford on Mortmain and Charities, 217, says, that when a testator directs his real and personal estate to be converted into money, and . the mixed fund to be applied to certain stated purposes, and some of .those purposes fail by lapse or otherwise, questions have arisen, whether the remaining purposes, which are in their nature primary charges upon the personal estate, are to be satisfied out of that estate as far as it will extend, in exoneration of that portion of the mixed fund, composed of the produce of real estate,- for the benefit of the heir, or whether the remaining purposes are to be satisfied out of the real and personal parts of the said mixed fund pro rata. That debts and ordinary legacies are to be paid" out of the said mixed fund, in the proportion of the amount of the real and personal estate, which has contributéd to make up the said mixed fund, is now the established'rule of the Court of Equity, and is the rule in charity cases before referred to. It is to prevent the whole personal fund being exhausted in favor oi the heir, to the prejudice of the right, which the charity or alien legatees had in the pure-personal estate, to satisfy their legacies. The testator could nothave.intended that the heir, should be so far favored as that this part of the mixed fund, which was made up of pure personal estate, should bear the entire burthen qf all the debts and all the legacies, to its entire extinction, before the other fund, made ol the sales of the land, or which was directed by the will to be converted into personalty for specified objects, should be called in to the assistance of paying the debts of the testator and the other legacies. It will be seen that the testator-does not mean in such cases to convert his land out and out into personalty, but he means to- convert it into person *438 alty for specified objects only; if, therefore, any of the objects fail, the heir oí the testator shall have so ranch of the produce of the land by way of resulting trust as. would have gone to that object had it not failed. But of a mixed fund, before he shall have any of the money as land, the fund shall pay debts and ordinary legacies of the testator, in proportion to the respective values of the land and personal estate, which made up that mixed fund. The court can well see that such is at least the intention of the testator. Hill v Cock, 1 Ves. & B. 174, 175. Green v Jackson, 5 Russ. 38. Shelford, 205, 214. The master values the respective portions of the said fund, and after debts and ordinary legacies are paid out of it pro rata, the heir will take the residue arising from the land, and the charity legatee, alien or next of kin, will take the residue arising from that portion of the said mixed fund, which was raised out of the personal estate. Curtis v Halton, 14 Ves. 437. Mogg v Hodges, 1 Cox 9. Foudrin v Gowdy, 9 Cond. Eng. C. C. 95.— Roberts v Walken, 1 Russ. & M. 752. Dunk v Fenner, 13. Eng. Cond. C. Rep. 170. Croslie v Mayor of Liverpool, 1 Russ. & M. 761. Shelford, 238. A direction by a testator, that his land shall be sold, and the produce converted into personal estate for a particular object, or out and out, is considered in a Court of Equity, as done: what is ordered to be done, is in Equity considered as done. The only question that came up for the decision of the court in the two cases of Bench v Biles, 4 Madd. 187 ; and Cole v Turner, 4 Russ. 376, was whether by the words of the will there stated, the real estate was even charged, by implication, with the payment of legacies. The question as to the rate of contribution from two parts of one mixed fund, was not in issue in either of the said two cases. Therefore any words which fell from the court in those cases, as to what was meant by a mixed fund, are not to be regarded, when we are really speaking as to what is to be considered a mixed fund, within the rule of contribution from such a fund in charity cases. Shelford who has recently written a treatise on mortmain and charities, has not referred us to a single *439 case, where the rule in cases of charities has ever been applied, except where the land was directed by the will to be sold and converted. I admit that it is said to be a question of intention of the testator, whether the mixed fund was to contribute pro rata or-not. But it seems to me that a mere charge on land, in- aid of the personal estate in the payment of debts and legacies, is not a mixed fund at all, .so as to call for an enquiry by the court as to what was the intention of the testator. The intention on the part of the testator must be so expressed in the will ,as to convince a judicial mind, that the fund then created was meant to pay the legacies pro rata. In the case before us, that intention cannot be looked for, in that manner, as it seems to me. I am therefore of the opinion that as the lands in the hands of the trustee are not directed by the testator in his will to be sold and converted, they are only charged in aid' of the personal estate to pay the North Carolina legacies, and that the lands are not to be considered as even charged, in aid of the personal estate, to pay the legacies of the alien legatees, as aliens are not permitted to take legacies made up of the produce of lands in any manner.
Per Curiam. Decree according to the opinion of the majority of the Court.